ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD. *v*. DENNIS TRUCKING COMPANY, INC.

[No. 16,861.   Filed October 20, 1942.]

Isidore Feibleman, Charles B. Feibleman, Julian Bamberger, and Ralph Bamberger, all of Indianapolis, for appellant.

William B. Miller and L. Russell Newgent, both of Indianapolis, for appellee.

BLESSING, J.—This is an appeal from an action brought by the appellant, the Zurich General Accident and Liability Insurance Company, Limited, against the appellee, the Dennis Trucking Company, to recover the sum of $256.86, with interest thereon, alleged to be due the appellant from the appellee for unpaid earned premiums on a workmen's compensation policy and a public liability policy.

The complaint, which was in one paragraph, was answered by appellee in two paragraphs, one of general denial and a second paragraph of answer setting up a tender of the amount admitted to be due. The issues were closed by appellant's reply in general denial, and the cause was then submitted to the court for trial. Judgment was thereafter rendered in favor of the appellant and against the appellee, in the sum of $104.92, the amount of the tender, with costs against the appellant. The only error relied upon for reversal is the overruling of appellant's motion for new trial.

The appellee, Dennis Trucking Company, was engaged in removing the Linco Tower from the top of the Merchants Bank Building in Indianapolis, Indiana. The

appellant insurance company issued to appellee two insurance policies, one policy covering public liability insurance and the other covering workmen's compensation insurance. The premiums on said policies were based upon an audit of the payroll records of the appellee company. The duties of each man were identified, and his earnings then put in a classification. The audit, made by an employee of the appellant, and approved by the secretary and treasurer of the appellee, included some of the wages under the classification of rigging, and some under the classification of wrecking.

When the policies were cancelled on September 20, 1939, the appellee insisted that the work of removing the tower be classified as rigging, but the appellant classified the said work as wrecking. The premium rates for rigging are much lower than the rates for wrecking.

The specifications under the appellant's motion for new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law. The only question raised by these specifications is whether the work involved in this case is to be classified as rigging or as wrecking.

Representatives of the Workmen's Compensation Rating Bureau of Indiana testified that the work covered by the policies in suit should be classified as wrecking, and appellant contends that since in Indiana the Workmen's Compensation Rating Bureau is charged with the duty of classification of risks and establishments of rates under policies of workmen's compensation, the court is bound by said bureau's decision.

Section 39-3015, Burns' 1933 provides that the rating bureau under the supervision of the department of insurance and to its approval shall arrange industries of this State into classes for compensation insurance,

and make inspections of compensation risk or risks, and apply thereto the schedule or merit rating system; and establish charges and credits under such system as are approved by the insurance commissioner; and make reports showing all facts affecting such risks to the department; and make any and all other reports required by the department for the furtherance of the provisions of the act.

The only testimony pertaining to a classification of this particular job by the Workmen's Compensation Rating Bureau is that of the witnesses Burns and ■ Carpenter; Burns being the manager of said bureau and Carpenter being employed in the capacity of a classifier, both of whom testified that they could see the work being performed at a distance, but that they didn't actually visit the job. These same witnesses also testified that the removal of the Linco sign should be classified as wrecking. Mr. Burns testified that, to the best of his knowledge, the rating bureau made an inspection of the said job to determine its classification. Subsequently this same witness testified that a request for inspection of this job was made, but that he could not say definitely that one was made.

Section 39-3025, Burns' 1933, provides that no classification for workmen's compensation insurance purposes shall be effective until approved by the department of insurance.

Since there is evidence from which the court could find that the rating bureau did not classify the job and no evidence that the department of insurance approved a classification, the lower court was not bound by the opinions of the witnesses representing the Workmen's Compensation Bureau.

One of the witnesses for the appellant in his testimony referred to a rate manual as a set of rules and

classifications used by all casualty insurance companies, having the approval of the Insurance Department or Insurance Commissioners of the various states in which it is used. However, this manual or any of the rules contained therein with respect to classifications of risks was not offered in evidence, and this court is without information as to whether such rules or classifications approved by the Insurance Department of the State of Indiana covered the particular job in question as being one of rigging or wrecking. Both litigants offered expert testimony as to how the job of removing the Linco sign should be classified. This evidence being conflicting, there was before the trial court sufficient evidence to support the decision, and the same is not contrary to law.

· This opinion is not to be taken as an adjudication of the classification of the particular job in question. It determines only that there was evidence in this cause to sustain the trial court.

Finding no reversible error, judgment of the trial court is affirmed.

NOTE.—Reported in 44 N. E. (2d) 206.